**IN THE UNITED STATES DISTRICT COURT FOR THE**

**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **-vs-** | ) | **No. CR-24-130-SLP** |
| | ) | |
| **DENIS LEAL GUTIERREZ, et al,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**THE UNITED STATES' PRE-HEARING BRIEF REGARDING ANCILLARY PETITION OF DERLY AND DELIA GUTIERREZ**

This Matter comes before the Court on an Ancillary Petition filed by Derly Gutierrez and Delia Gutierrez (hereinafter "Derly" and "Delia" respectively) challenging the United States' forfeiture of certain real and personal property seized in connection with the above captioned criminal case. The Court has set an evidentiary hearing on this matter for July 1, 2026 at 9:30 a.m. and ordered that trial briefs be exchanged no later than June 17, 2026. (Doc. 883) The United States' hereby presents its briefing on factual and legal issues expected to be presented to the Court for determination.

## I. UNDERLYING PROCEEDINGS

As the Court is familiar with the underlying criminal matter in this case, having presided over the lengthy trial in April of 2025, the following is a brief summary of the underlying facts. Dennis Gutierrez, brother of Derly and Delia, operated two trucking companies in the McAllen, Texas area, DGC and later Dare Express. Through those trucking companies, Dennis Gutierrez coordinated the shipment of liquid methamphetamine in the passenger side gas tanks of semi-

trucks from Mexico to McAllen to Oklahoma and Atlanta. At trial, the evidence established that Dennis Gutierrez used both the property located at 1316 Eldora Road, Alamo, Texas (the "Alamo Property") and the property located at 6514 E. Texas Road, Edinburg, Texas (the "Edinburg Property") to facilitate the loading and unloading of this liquid methamphetamine.

As part of the investigation, a search warrant was executed at the Edinburg Property on or about April 1, 2024. During that search, law enforcement located, among other things, numerous firearms and other items of evidentiary value. For instance, officers located a spare gas tank that had residue which tested positive for the presence of methamphetamine. (Gov't Trial Ex. 180). At trial, the jury saw videos from the Edinburg Property showing Dennis Gutierrez removing that gas tank from the same semi-truck which had been driven by Michael Estrada to make methamphetamine deliveries in Oklahoma. (*See e.g.,* Gov't Trial Exs. 88-89) There were also other videos showing how the Edinburg Property was used to facilitate Denis Gutierrez's drug trafficking activity. For instance, there was pole camera footage from November 15, 2023 (along with Mr. Estrada's testimony and other evidence) showing a truck with Mexico plates, that had just crossed into the United States, arriving at the Edinburg Property, pulling behind the shop building, then the Dare Express truck pulling around to the same area before Mr. Estrada arrived the next day to take the now drug laden truck to Oklahoma. (Gov't Trial Exs. 64-65)

A large number of defendants were originally charged in this case by Indictment. As individuals entered into plea agreements and cases were resolved, the Government ultimately obtained a Second Superseding Indictment and both the Edinburgh Property and the various firearms seized from the Edinburg Property were named in the forfeiture allegations of that

charging document. (Doc. 364) Trial began in April of 2025 and concluded on April 18, 2025. The Jury returned guilty verdicts as to all defendants. (Docs. 588-592)

On August 11, 2025, the United States filed a Motion for Preliminary Order of Forfeiture regarding the assets named in the Second Superseding Indictment. (Doc. 722) The Court granted that preliminary order. (Doc. 723) In accordance with the Court's order, the United States provided notice of the order. Claimants Delia and Derly Guiterrez filed their respective claims pursuant to 21 U.S.C. § 853(n) and triggered the present hearing. (Doc. 771)

## II. <u>PROPERTY AT ISSUE</u>

Potentially at issue in the scheduled hearing are the following assets:

1) A Stoeger, Model P300, 12-Guage shotgun, bearing serial number 1828230;
2) A TCM Armscor Precision, model M1911-AS FS, 9mm caliber pistol bearing serial number TCM 044272;
3) A Weatherby, model Vanguard, .257 caliber rifle, bearing serial number VS398952, with attached Leupold VX 31 sling; and
4) 6514 E Texas Road, Edinburg, Texas, more specifically described as: Lot One (1), TEXAS TOWER ESTATES, Hidalgo County, Texas, according to the map or plat thereof recorded under Document No. 3054882, Map Records of Hidalgo County, Texas.

Mr. Derly Gutierrez has claimed an interest in the firearms listed as Items 1-3 above. (Doc. 771) Ms. Delia Gutierrez has claimed an interest in the Real Property listed as Item 4. (*Id.*) In addition, Domain Development Corporation has asserted a claim to the Real Property listed as Item 4 asserting that it has a secured mortgage and promissory note on the property. (Doc. 805)

At the outset, the United States is not seeking the forfeiture of the firearms listed as Items 1-3 and is prepared to return them to Mr. Derly Gutierrez. Mr. Derly Gutierrez has presented sufficient evidence of his ownership of those three firearms, he is not a prohibited person to the best of the United States' knowledge and he has not been charged with the criminal activity at issue in the underlying case. Accordingly, the United States will concede his claim as set forth in his ancillary petition.

What remains at issue are the respective claims of Domain and Delia Gutierrez with respect to the Edinburg Property. With respect to Domain's claim, both the United States and Delia Guiterrez have recognized Domain's interest in the real property and have negotiated an agreement which, in summary, recognizes Domain's secured interest so that regardless of the outcome of the hearing, Domain's claim will be recognized as still valid and will continue to attach to the property. As of the filing of this brief, the United States has officially executed that agreement but understands that Delia Gutierrez has not yet executed it. This is believed to be due to logistical or travel issues, rather than a change in posture about Domain's claim. The United States believes that no one disputes Domain's interest in the property as described in its claim.

In light of all of the foregoing, in the Government's view, the sole remaining issue to be resolved in connection with the anticipated hearing is the claim of Delia Gutierrez with respect to the Edinburg Property.

## III. STATEMENT OF FACTS

- On or about December 4, 2019, Delia Gutierrez De Rios obtained title to the Edinburg Property. (Gov't Exs. 1-2)
- The acquisition of the property was funded by a loan from Domain Development

Corporation in the amount of $182,500.00 (Gov't Exs. 1-2)

- A deposit of $13,348.95 was made by way of a check remitted from Delia Gutierrez Leal. (Gov't Ex. 3)
- In approximately 2019, prior to the acquisition of the Edinburg Property, Mr. Derly Gutierrez was still married but was at least anticipating the possibility of going through a divorce. (Gov't Ex. 4)
- When Mr. Derly Gutierrez "started having problems" with his ex-wife, he started looking for a property from which to operate his business. (Gov't Ex. 4)
- When Derly Gutierrez found the Edinburg Property, he was going to purchase it on his own (without the help of Dennis Gutierrez). (Gov't Ex. 4)
- Derly Gutierrez located the Edinburg Property and negotiated the terms of the purchase. (Gov't Ex. 4)
- When he bought the Edinburg Property, Derly Gutierrez planned to build a house and trailer there. (Gov't Ex. 4)
- Following the closing of the purchase of the Edinburg Property, Derly Gutierrez was the one who made each monthly payment and he typically made the payments in cash. (Gov't Ex. 4, 8)
- Derly Gutierrez paid the property taxes for the Edinburg Property. (Gov't Ex. 4, 9)
- Delia Gutierrez paid the utilities on the Edinburg Property, though Derly Gutierrez would help pay for those expenses as well. (Gov't Ex. 5)
- Delia Gutierrez paid the utilities instead of paying rent, because even though she was listed as the owner, the property belonged to Derly. (Gov't Ex. 5)

- There were several other companies working out of the Edinburg Property and they paid rent to Derly Gutierrez. (Gov't Ex. 4)
- Derly Gutierrez specifically put the property in Delia Gutierrez' name because he "planned for a divorce and I didn't want my ex-wife to fight for the property." (Gov't Ex. 5)
- According to Delia Gutierrez, the property was under her name, "but it's under my brother Derly because he was in a divorce process and he put it under my name." (Gov't Ex. 5)
- According to Delia Gutierrez, she was not ware of when the buildings at Edinburg Property were built because she's "not the owner." (Gov't Ex. 5)
- Delia Gutierrez sold a house in Mexico and did provide the down payment and some of the funds to build the buildings on the property. (Gov't Exs. 3, 5)
- According to Delia Gutierrez, she never made any of the monthly payments and they were only made by Derly Gutierrez. (Gov't Ex. 5)
- According to Delia Gutierrez, she agreed to put the property under her name, even though she was not the owner, "Because Derly was going to get a divorce, and that's why it was under my name. So that the wife couldn't find that property." (Gov't. Ex. 5)

## IV. ARGUMENT

### A. Delia Gutierrez Bears the Burden of Proof on her ownership of the property.

At the outset, the law is clear that as the petitioner/claimant, Delia Gutierrez bears the burden of establishing her claim by a preponderance of the evidence. *See United States v. Teadt*, 653 F. App'x. 421 (6th Cir. 2016) (in ancillary proceeding, the burden shifts to petitioners to establish their third party claim by a preponderance of the evidence); *Pacheco v. Serendensky,* 393 F.3d 348, 351 (2d Cir. 2004) (both the petitioner and government have the right to present evidence in ancillary proceeding, "with the burden ultimately on the petitioner to prove her claim by a preponderance of the evidence").

### B. The Sole Issue for Resolution In this Ancillary Proceeding is Delia Gutierrez's Claimed Ownership of the Property.

Next, it is important to note that in the context of this ancillary proceeding, the Petitioner cannot relitigate the Court's prior determination of the forfeitability of the property. *See United States v. Andrews*, 530 F.3d 1232, 1236–37 (10th Cir. 2008) (finding that a third party has no right to litigate any alleged defects in the underlying criminal trial and that the sole issue is whether the property "really belongs to the third party.:) *United States v. Fabian*, 764 F.3d 636, 638 (6th Cir. 2014) ("§ 853(n) does not permit relitigation of the district court's antecedent determination that an item of property is subject to forfeiture"); *United States v. White*, 675 F.3d 1073, 1077–78 (8th Cir. 2012) (ex-wife cannot relitigate the nexus between criminal acts of her ex-husband and forfeited proceeds); *United States v. Davenport*, 668 F.3d 1316, 1321 (11th Cir. 2012) (third party—including a former co-defendant who pleaded guilty to a different offense—cannot challenge forfeitability of property in ancillary proceeding; if third party is the owner, they will

prevail, but otherwise lack standing to contest forfeiture).

In this case, the Court, in its Order granting the Government's preliminary order of forfeiture, found that the Edinburg Property was subject to forfeiture. (Doc. 723) Indeed, Section 853(n) specifically directs the Court to consider the relevant portions of the criminal case which resulted in the order of forfeiture and which, in this case, fully justified the Court's prior Order.

With the Court having made that threshold finding, Delia Gutierrez cannot seek to relitigate that issue. Rather, the only issue to be decided is whether she has a valid claim of ownership in the subject property that would prevent the entry of a final order of forfeiture to the Government. In other words, the Government has already demonstrated that the Edinburg Property was used to facilitate the commission of a federal crime – which was evident at trial from Denis Gutierrez's operation of a substantial methamphetamine trafficking operation using the trucking facilities at the Edinburg Property to facilitate that operation. The only question is whether Delia Gutierrez is the owner of the Edinburg Property.

**C. Delia Gutierrez has no valid claim to ownership of the property.**

With respect to Ms. Delia Gutierrez's claimed ownership interest in the Edinburg property, the United States contends that the facts outlined above and the evidence at the hearing will show that she does not have a valid legal interest in the subject property. Rather, the true owner of the property is Derly Gutierrez. In fact, at her deposition, Ms. Delia Gutierrez went out of her way to confirm, many times, that she was *not* the owner of the Property, Mr. Derly Gutierrez is[1]. (Gov't

---

[1] To the extent Mr. Derly Gutierrez would now attempt to assert a claim to own the Edinburg Property, that attempt should be rejected. First, he has never filed such a claim and asserting it now would be untimely. *See* 18 U.S.C. § 852(n)(2)(requiring a claim to be filed within 30 days of final publication or receipt of notice). Second, Mr. Derly Gutierrez has no standing to

Ex. 5)

In forfeiture cases, it is not uncommon for property to be held in the name of one person but in truth actually owned or controlled by another – most often the criminal defendant. Courts routinely reject claims from those sorts of individuals who are owners in name only or straw owners of property. *See United States v. Coffman*, 997 F. Supp. 2d 677, 690 (E.D. Ky. 2014) (defendant's wife could not establish a legal interest in property defendant transferred to her with the intent to hide it from his victims and from government because such transfers were void under state law as fraudulent transfers); *United States v. Ida*, 14 F. Supp. 2d 454, 461 (S.D.N.Y. 1998) (person who ostensibly used his own money to buy property and titled it in his own name was nevertheless a straw owner; all evidence showed that property was purchased for use of defendant).

In this case, the nature of the fraudulent conveyance is unique. It was not the criminal defendant (Dennis Gutierrrez) who tried to fraudulently place property in someone else's name to hide it from forfeiture in his criminal case. Rather, it was Derly Gutierrez who tried to convey the property to his sister and place it in her name in order to fraudulently conceal it from his wife and their marital estate. The end result should be the same – Delia Gutierrez is not the true owners of anything. Thus, in the ultimate analysis, Derly Gutierrez is not the owner because has no legal

---

assert such a claim as he cannot demonstrate he has any legal interest in the property. *See United States v. White*, 675 F.3d 1073, 1078 (8th Cir. 2012) (to establish constitutional standing, party must demonstrate an ownership or possessory interest in the property; statutory standing under § 853(n) requires demonstrating a legal interest in the property); *United States v. Basurto*, No. CR–0304(2), 2013 WL 1331983 (D. Minn. Mar. 29, 2013) (petitioner, who alleges she bought the property, but did not hold title to the forfeited real property, claimed her mother (title holder) was only a nominal title holder; claimant must have a legal interest under state law to establish standing, equitable interest in real property is not sufficient under § 853(n)(2)).

interest and deliberately chose not to have such an interest as part of his scheme to defraud his ex-wife. Delia Gutierrez is not the owner and acknowledges that she owns the property in name only but that it really belongs to Derly. In short, the only person claiming an interest in the property is Delia Gutierrez and she has expressly disavowed ownership. She has no claim of ownership superior to Dennis Gutierrez because she has no claim of ownership at all. Her claim should be rejected accordingly.

The facts and prior deposition testimony show that Derly Gutierrez located the property for the primary purpose of building a business in approximately 2019. He was married at the time but was at some stage of seeking or planning to seek a divorce from his wife. He had apparently "lost" property or assets in prior divorce settlements (which is what happens when there is a division of a marital estate) and did not want to potentially have to share this marital asset with his current wife as part of any divorce resolution. Therefore, in order to defraud his then wife and conceal his interest in the Edinburg Property (a marital asset), Derly Gutierrez asked Delia Gutierrez to place the title to the property in her own name. Both Derly Gutierrez and Delia Gutierrez have confirmed that the only reason Delia Gutierrez is listed as the owner of the property is because they were trying to hide it from Derly Gutierrez's wife.

Under Texas law, there is a presumption that property owned by either spouse is community property. *See* Vernon's Texas Code Annotated (VTCA), § 3.003. VTCA 3.102(c) provides that all community property is subject to the joint management, control and disposition of both spouses. When it comes to dissolution of marriage, the general rule is that the court must determine a just and right division of the marital estate, giving due regard to the rights of each party and any children of the marriage. VTCA §7.001. However, when one spouse has committed

an actual or constructive fraud on the community, the court is directed to calculate the marital estate by essentially adding back in the value that was lost due to the fraud and then dividing the marital estate based on this "reconstituted estate" value. VTCA, §7.009; *see also Key v. Key*, 712 S.W.3d 697 (Tex.App.-Hous. 2025)(husband's transfer of two checks to his mother from a joint account gave rise to a presumption of fraud on the community).

Delia Gutierrez is a nominal owner of the property. While she did pay a downpayment and apparently makes at least some of the ongoing utility payments (which she explained as in lieu of the rent payments she would otherwise have had to pay the true owner, Derly Gutierrez), she made it very clear that Derly Gutierrez is the owner of the property. For his part, Derly Gutierrez is not and cannot be the owner. Allowing Delia Gutierrez to keep ownership of the property would be tantamount to sanctioning Derly Gutierrez's fraudulent concealment of a material asset, a concealment in which Delia Gutierrez knowingly and voluntarily participated.

## V. CONCLUSION

Ms. Delia Gutierrez' bare legal title to the property, having been obtained through a fraudulent transfer, is not a valid interest in the property and her petition should be dismissed accordingly.

Respectfully submitted,

ROBERT J. TROESTER,
United States Attorney

*s/ Thomas B. Snyder*
THOMAS B. SNYDER (OK 31428)
Assistant United States Attorney
210 Park Avenue, Suite 400
Oklahoma City, OK 73102
(405) 553-8700 (Office)
(405) 553-8888 (Fax)
Thomas.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all ECF registrants associated with this case.

*s/ Thomas B. Snyder*
Assistant United States Attorney